IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                      Petitioner,                                    ORDER

           v.                                          12-cv-100-bbc

WILLIAM POLLARD, Warden,
DR. MOLLI ROLLI, M.D.,
DR. CALLISTER, (JOHN DOE),
DR. NETSON, (JOHN DOE),
STATE OF WISCONSIN,
DEPARTMENT OF CORRECTIONS,
MATHEW FRANK, Secretary,
WAUPUN CORRECTIONAL INSTITUTION
EMPLOYEES,

                      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Dwayne Almond is an inmate at the Waupun Correctional Institution. He has filed a pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requests leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915(g). In his pleading it appears that petitioner is alleging that prison officials are denying him medication and mental health treatment. Petitioner requests an order "granting this writ of habeas corpus pursuant to 28 U.S.C. § 2254; Rule 4."

1

Because petitioner's claim concerns the conditions of his confinement and not the length or duration of his incarceration, the claim is not properly raised in a habeas corpus action. The injury alleged in a claim, and not the relief sought, determines whether a claim is cognizable in habeas corpus or should instead be brought as a civil action. Clayton-El v. Fisher, 96 F.3d 236, 242 (7th Cir. 1996). The injuries petitioner alleges are claims that must be brought in a civil action pursuant to 42 U.S.C. § 1983.

The Court of Appeals for the Seventh Circuit has given somewhat mixed signals regarding what district courts should do when a pro se prisoner mislabels his pleadings. In Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996), the court stated: A "district court [is] not authorized to convert a § 1983 action into a § 2254 action. . . . When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice." However, in Valona v. United States Parole Commission, 165 F.3d 508 (7th Cir. 1998), the court held that the district court had erred in refusing to convert a habeas corpus action into a mandamus action if that was how the suit should have been styled. The court wrote, "If Valona is entitled to a writ of mandamus, then the district court should have provided him that relief in the suit he has filed, rather than requiring him to start over." Id. at 510. See also Williams v. Wisconsin, 336 F.3d 576 (7th Cir. 2003) (considering merits of habeas corpus petition that was brought under § 1983).

2

One way that these cases can be reconciled is if they are interpreted not as setting forth rigid rules without exceptions but as general guidelines that should be followed when the reasons for doing so are present. In Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000), the court noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress." See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action).

In this case, petitioner may be attempting to avoid a number of limitations by filing his civil rights claim in a petition for a writ of habeas corpus. The filing fee for an action under § 1983 is $350 as opposed to $5 for actions brought under 28 U.S.C. § 2254. On the other hand, the requirements for exhausting administrative remedies are slightly less strict in § 1983 suits than in § 2254 actions. Compare Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000) (exhaustion in § 1983 suit affirmative defense that may be waived) with Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (no exception to statutory exhaustion requirements (such as those in § 2254)). In habeas corpus actions, the proper respondent is petitioner's custodian, whereas in a § 1983 action, a petitioner may proceed against any state official who is alleged to have been personally involved in violating his constitutional rights. Finally, actions under § 1983 are subject to the 1996 Prison Litigation Reform Act, whereas habeas corpus actions are not. Plaintiff has "struck out" under the PLRA, which

3

means that he cannot obtain indigent status under 28 U.S.C. § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

Therefore, although I will not dismiss this case, I decline to convert petitioner's action until he has clarified his intentions. It is possible that petitioner wishes to proceed in habeas corpus because he wishes to avoid an action that is subject to the Prison Litigation Reform Act and its many provisions. Therefore, I will give petitioner until March 1, 2012, in which to inform the court in writing whether he wants his case to be treated as a § 1983 action or as a petition for a writ of habeas corpus. Petitioner should bear in mind that if he chooses to proceed under § 2254, I will promptly dismiss the case on the ground that petitioner has not alleged facts entitling him to habeas corpus relief. If he chooses to proceed in a civil action under § 1983, he is to so advise the court and arrange promptly to send a six-month trust fund account statement so the court may assess him an initial partial payment of the $350 fee for filing a civil complaint.

ORDER

IT IS ORDERED that petitioner Dwayne Almond may have until March 1, 2012, in which to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or as a complaint in a civil action

4

under 42 U.S.C. § 1983.  If he chooses to proceed under § 1983, he may have until March 1, 2012, to submit a six-month trust fund account statement for the period beginning approximately August 14, 2011 and ending February 14, 2012.  If petitioner fails to advise the court of his preference for treatment of his pleading and fails to submit a full six-month trust fund account statement by March 1, 2012, I will treat his action as a habeas corpus action and deny him leave to proceed in forma pauperis on the ground that he on the ground that petitioner has not alleged facts entitling him to habeas corpus relief.

Entered this 16th day of February, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge