IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                       Plaintiff,                                   ORDER

                   v.                                       12-cv-100-bbc

WILLIAM POLLARD, Warden, DR. MOLLI ROLLI, M.D.,
DR. CALLISTER, (JOHN DOE), DR. NETSON, (JOHN DOE),
STATE OF WISCONSIN, DEPARTMENT OF CORRECTIONS,
MATHEW FRANK, Secretary, WAUPUN CORRECTIONAL
INSTITUTION EMPLOYEES,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dwayne Almond, an inmate at the Waupun Correctional Institution, filed this action styled as a petition for writ of habeas corpus but seemingly raising claims about his mental health treatment in prison.  In a February 16, 2012 order, I directed plaintiff to choose whether to proceed with this case as a habeas action or a civil rights lawsuit under 42 U.S.C. § 1983.  Plaintiff has responded, choosing to proceed with the case under § 1983.

      Because plaintiff seeks leave to proceed in forma pauperis and has "struck out" under 28 U.S.C. § 1915(g), the next steps are to determine whether plaintiff's allegations meet the imminent danger exception to § 1915(g), and if they do, to screen the allegations to determine whether they state a claim upon which relief may be granted.  However, I can perform neither of these tasks because plaintiff's allegations are so difficult to understand.

Despite being warned repeatedly in previous cases, plaintiff chooses to quote at length from previous opinions that I have issued in his cases, but there is no reason to include this language in a new complaint; the complaint is where plaintiff should be describing what defendants have done to violate his rights to give rise to his new complaint. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief plausible on its face. Aschcroft v. Iqbal, 555 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

From the remainder of plaintiff's allegations, I understand that he is alleging that he is not receiving mental health treatment, but he does not explain how any of the defendants named in the complaint have acted with deliberate indifference toward him. Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that are missing. Plaintiff should draft the complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?
- What did the individual defendants do that makes them liable for violating

plaintiff's rights?

• How was plaintiff injured by defendants' conduct?

If plaintiff's amended complaint satisfies Rule 8, I will proceed to consider whether his allegations meet the imminent danger standard and state a claim upon which relief may be granted.

In drafting his amended complaint, plaintiff should consider also the following issues. First, he will not be able to relitigate the issues raised in case no. 10-cv-621-bbc, in which he alleged that staff at the Green Bay Correctional Institution denied him medication for treatment of schizophrenia. (In that case, I concluded that defendants did not believe that he suffered from schizophrenia.) Second, I note that plaintiff has filed additional submissions in an effort to show that Department of Corrections staff is hindering his ability to exhaust his administrative remedies with regard to complaints he has about back pain. However, I cannot consider these submissions in this case because plaintiff's complaint does not raise any allegations about the treatment of his back pain. Plaintiff must raise these concerns in one of the other cases he has filed in this court regarding back pain.

ORDER

IT IS ORDERED that plaintiff Dwayne Almond's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. He may have until June 12, 2012 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended

complaint by June 12, the clerk of court is directed to close this case.

Entered this 29th day of May, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge