IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                                                                           ORDER

                Plaintiff,

                                                                    12-cv-100-bbc

      v.

WILLIAM POLLARD, DR. MOLLI ROLLI, M.D.,
DR. CALLISTER, DR. NETSON,
STATE OF WISCONSIN, DEPARTMENT OF CORRECTIONS,
MATHEW FRANK and
WAUPUN CORRECTIONAL INSTITUTION EMPLOYEES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On August 20, 2012, I denied plaintiff Dwayne Almond's request for leave to proceed in forma pauperis because he failed to qualify under the imminent danger standard of 28 U.S.C § 1915(g). I dismissed his case with prejudice for plaintiff's failure to state a claim upon which relief can be granted. Plaintiff filed a notice of appeal on September 4, 2012, but he has not paid the $455 filing fee for filing an appeal and he has not filed a request to proceed in forma pauperis on appeal. Accordingly, I will construe his notice of appeal to include a request for leave to proceed in forma pauperis on appeal.

        A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant

1

is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). <u>Sperow v. Melvin</u>, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff's request for leave to proceed <u>in forma pauperis</u> on appeal will be denied, because plaintiff has three strikes.

In addition, I am certifying that plaintiff's appeal is not taken in good faith—there is no legally meritorious basis for plaintiff's appeal. In <u>Lucien v. Roegner</u>, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit. <u>Lee v. Clinton</u>, 209 F.3d 1025, 1027 (7th Cir. 2000). Plaintiff is trying to appeal the same claims on which the court denied him leave to proceed. Because there is no legally meritorious basis for plaintiff's appeal, I must certify that the appeal is not taken in good faith.

Because I am denying plaintiff's request for leave to proceed <u>in forma pauperis</u> on appeal and certifying that his appeal is not taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed <u>in forma pauperis</u> on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

ORDER

IT IS ORDERED that plaintiff Dwayne Almond's request for leave to proceed <u>in forma pauperis</u> on appeal, dkt. #20, is DENIED. I certify that his appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 5th day of September, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge